# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 16, 2010

No. 09-41148
Summary Calendar

Lyle W. Cayce
Clerk

JIMMY D. BRUNSON,

Plaintiff - Appellant

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas, Lufkin
USDC No. 9:07-CV-301

Before JOLLY, STEWART, and ELROD, Circuit Judges..

PER CURIAM:[*]

Jimmy D. Brunson appeals the district court's judgment affirming the Commissioner of Social Security's decision that he is not entitled to Social Security disability benefits. Because the Commissioner applied the correct legal standards and because there is substantial evidence to support the decision, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-41148

I.

Mr. Brunson applied for Social Security disability benefits in July 2002. He alleged that he had been disabled since March 30, 1997, because of back problems, depression, diabetes, and high blood pressure. The date on which he was last insured for purposes of Social Security disability benefits was September 30, 1998. Accordingly, Mr. Brunson had to establish that he was disabled before the expiration of his insured status. *See Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992). The Social Security Administration denied his application initially and on reconsideration. Mr. Brunson requested a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ found that Mr. Brunson had a medically determinable impairment related to his back but that, as of September 30, 1998, the date he was last insured, he did not have an impairment or a combination of impairments that was severe within the meaning of the sequential evaluation process used for evaluation of disability benefit claims. The ALJ's decision became the Commissioner's final decision after the Appeals Council denied Mr. Brunson's request for review. The district court affirmed the decision of the Commissioner. Mr. Brunson filed a timely notice of appeal.

II.

Mr. Brunson contends on appeal that (1) the ALJ misstated the record in asserting that there was no evidence of psychiatric treatment prior to the expiration of his insured status; and (2) the ALJ erred by ignoring evidence helpful to Mr. Brunson in deciding that his lumbar impairment is not severe under step two of the sequential analysis. An impairment is severe if it significantly limits an individual's physical or mental abilities to do basic work activities; it is not severe if it is a slight abnormality or combination of slight abnormalities that has no more than a minimal effect on the claimant's ability to do basic work activities. *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985).

2

No. 09-41148

We review the Commissioner's decision only to ascertain whether it is supported by substantial evidence and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). We may not re-weigh the evidence or substitute our judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Id*.

Mr. Brunson is correct in his assertion that the ALJ misstated the record when he stated that it contained no evidence of any ongoing psychiatric treatment and no evidence that Mr. Brunson was ever prescribed psychotropic medication during the period in question (March 30, 1997 through September 30, 1998). That error, however, is harmless, because the evidence in the record indicates that Mr. Brunson took anti-depressant medication which controlled his symptoms of depression during the relevant time period. Thus he did not have a severe mental impairment prior to September 30, 1998, the date he was last insured. *See Johnson v. Bowen*, 864 F.2d 340, 347 (5th Cir. 1988) (impairments that reasonably can be remedied or controlled by medication or treatment are not disabling). Accordingly, it would not be appropriate for us to remand the case for the purpose of having the ALJ correct this misstatement.

The ALJ applied the proper legal standard of *Stone v. Heckler* in determining that Mr. Brunson did not have a severe impairment or a combination of severe impairments during the period from March 30, 1997 through September 30, 1998. Furthermore, substantial evidence in the record supports the ALJ's conclusion that Mr. Brunson's back pain did not impose more than a minimal effect on his ability to engage in basic work-related activities during the relevant period. The fact that the ALJ cited certain evidence that he felt supported his decision does not mean that he failed to consider all of the other evidence in the record. To the contrary, his decision states expressly that it was made "[a]fter careful consideration of all the evidence,"and we see no

reason or evidence to dispute his assertion. Indeed, based on our review of all of the evidence in the record, the Commissioner's decision is supported by substantial. That evidence shows that Mr. Brunson injured his back on March 30, 1997. His treating physician, Dr. Williams, recommended physical therapy. In a report dated August 21, 1997, Dr. Williams released Mr. Brunson to full duty work, finding that he had a four percent impairment to the person as a whole. Although Dr. Williams occasionally indicated on forms that Mr. Brunson "can't work," such declarations are not determinative, particularly when considered in the light of her clinical findings. *See Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003) (treating physicians' opinions that claimants are unable to work are legal conclusions for the Commissioner to make). At the hearing, the ALJ asked Mr. Brunson to describe the most severe medical problem that he had that kept him from working. Mr. Brunson mentioned his feet, ankle, dizzy spells, and complications of diabetes, but did not include back pain.

### III.

We conclude that the Commissioner's decision is supported by substantial evidence and resulted from application of the correct legal standards. Accordingly, the decision of the district court affirming the Secretary's denial of benefits is

AFFIRMED.